IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF | ) | |
| KANSAS CITY PENSION FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 09-822-CV-W-DGK |
| | ) | |
| JWK CONTRACTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFAULT JUDGMENT

Upon the motion of the Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, and Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, plaintiffs in the above-entitled cause, for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Doc. 5), and it appearing to the Court that:

1. Plaintiffs filed their Complaint against Defendant on October 7, 2009; and

2. Defendant was served through its registered agent, Craig A. VanMatre, by special process server with a copy of the Summons and Complaint on October 14, 2009, at 1101 East Broadway, Suite 101, Columbia, MO 65201, and therefore the Court has jurisdiction over the Defendant; and

3. The Court has subject matter jurisdiction over this case under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132; and

4. Defendant has failed to answer the Complaint or otherwise defend against this lawsuit; and on July 23, 2010, Plaintiffs filed a Motion for Default Judgment by the Court pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure (Doc. 5);

5. The Court entered a show-cause order (Doc. 10) on July 26, 2010, directing defendant to show cause why default judgment should not be entered against it, but Defendant has still not answered, appeared or otherwise explained why default judgment should not be entered;

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, JWK Contracting, Inc., and in favor of plaintiffs, Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, and Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. For the period January 1, 2007 through March 31, 2009, Defendant owes Plaintiff Carpenters District Council of Kansas City Pension Fund **FIFTY-SEVEN THOUSAND AND 22/100 ($57,000.22) DOLLARS** in unpaid fringe benefit contributions, **SEVEN THOUSAND, NINE HUNDRED EIGHTY-EIGHT AND 92/100 ($7,988.92) DOLLARS** in liquidated damages, and **ONE THOUSAND, ONE HUNDRED SEVENTY-EIGHT AND 48/100 ($1,178.48) DOLLARS** for interest on the unpaid contributions; **ONE THOUSAND, FOUR HUNDRED SEVENTY-FOUR AND 71/100 ($1,474.71) DOLLARS** for reasonable attorneys' fees; and **NINETEEN THOUSAND, NINETY AND 50/100 ($19,090.50) DOLLARS** for audit costs. This total is **EIGHTY-SIX THOUSAND, SEVEN HUNDRED THIRTY-TWO AND 83/100 ($86,732.83) DOLLARS**, plus costs.

2. Defendant is hereby ordered to permit an accounting of its business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2009, to date.

3. Plaintiff Carpenters District Council of Kansas City Pension Fund shall recover from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours

found by the accounting to have been paid to employees covered by the agreements from April 1, 2009, to date multiplied by the the hourly amounts due under the agreements, and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific amount owed by defendant can be ascertained.

4. Defendant shall perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund on behalf of employees working under the collective bargaining agreements.

5. Defendant shall post cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due, or which may become due, to each employee as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. For the period January 1, 2007 through March 31, 2009, Defendant owes Plaintiff Carpenters District Council of Kansas City and Vicinity Welfare Fund **SIXTY-EIGHT THOUSAND, SEVEN HUNDRED NINETY-THREE AND 39/100 ($68,793.39) DOLLARS** in unpaid fringe benefit contributions, **NINE THOUSAND, SIX HUNDRED FORTY-ONE AND 79/100 ($9,641.79) DOLLARS** in liquidated damages, **ONE THOUSAND, FOUR HUNDRED TWENTY-TWO AND 30/100 ($1,422.30) DOLLARS** in interest on the unpaid contributions; **NINE HUNDRED THIRTY-THREE AND 98/100 ($933.98) DOLLARS** for reasonable attorneys' fees; and **TWELVE THOUSAND, NINETY AND 65/100 ($12,090.65) DOLLARS** in audit costs. The total amount is **NINETY-TWO THOUSAND, EIGHT HUNDRED EIGHTY-TWO AND 11/100 ($92,882.11) DOLLARS**, plus costs.

2. Defendant is hereby ordered to permit an accounting of its business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours

worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2009, to date.

3. Plaintiff Carpenters District Council of Kansas City and Vicinity Welfare Fund shall recover from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by the accounting to have been paid to employees covered by the agreements from April 1, 2009, to date times the hourly amounts due under the agreements, and the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same shall be reserved until a full and complete accounting of defendant's books and records has been completed and the total amount owed by Defendant can be ascertained.

4. Defendant shall perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City and Vicinity Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. Defendant shall post cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due, or which may become due, to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT III

1. For the period January 1, 2007 through March 31, 2009, Defendant owes Plaintiff Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund **THREE THOUSAND, EIGHT HUNDRED AND 03/100 ($3,800.03) DOLLARS** in unpaid fringe benefit contributions, **FIVE HUNDRED THIRTY-TWO AND 60/100 ($532.60) DOLLARS** in liquidated damages and **SEVENTY-EIGHT AND 57/100 ($78.57) DOLLARS** in interest on the unpaid contributions; **FORTY-**

**NINE AND 15/100 ($49.15) DOLLARS** in reasonable attorneys' fees; and **SIX HUNDRED THIRTY-SIX AND 35/100 ($636.35) DOLLARS** in audit costs, for a total of **FIVE THOUSAND, NINETY-SIX AND 70/100 ($5,096.70) DOLLARS**; plus costs.

2. Defendant is hereby ordered to permit an accounting of its business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2009, to date.

3. Plaintiff Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund shall recover from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by the accounting to have been paid to employees covered by the agreements from April 1, 2009, to date times the hourly amounts due under the agreements, and the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same shall be reserved until a full and complete accounting of defendant's books and records has been completed and the total amount owed by Defendant can be ascertained.

4. Defendants shall perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

5. Defendant shall post cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

/s/ Greg Kays
                                    GREG KAYS
                                    UNITED STATES DISTRICT JUDGE

DATED:  September 17, 2010